**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOMER E. CROCKETT JR., <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF CALIFORNIA and HON. ELDEN FOX, <br><br> Defendants. | Case No. CV 18-1397 DSF (SS) <br><br> **MEMORANDUM AND ORDER** <br><br> **DISMISSING COMPLAINT WITH** <br><br> **LEAVE TO AMEND** |

**I.**

**INTRODUCTION**

On February 20, 2018, plaintiff Homer E. Crockett Jr. ("Plaintiff"), a California resident proceeding pro se, filed a civil rights complaint pursuant to 28 U.S.C. § 1983 ("Complaint"). (Dkt. No. 1). Plaintiff vaguely alleges that the State of California and Superior Court Judge Elden Fox are liable for false imprisonment, malicious prosecution, search and seizurs [sic], and tort claims. (Id. at 1, 8).

Under Federal Rule of Civil Procedure 12(b)(6), a trial court may dismiss a claim sua sponte "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) (adopting the Ninth Circuit's position in Omar and noting that such a sua sponte dismissal "is practical and fully consistent with plaintiff's rights and the efficient use of judicial resources"). When a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a pro se complaint, the court may not, however, supply essential elements of a claim that were not initially pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). A court must give a pro se litigant leave to amend the complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Karim-Panahi, 839 F.2d at 623 (citation omitted). For the reasons stated below, the Complaint is DISMISSED with leave to amend.[1]

---

[1] A magistrate judge may dismiss a complaint with leave to amend without the approval of a district judge. See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

# II.

# ALLEGATIONS OF THE COMPLAINT

Plaintiff's Complaint is largely unintelligible. He vaguely alleges that he was subject to "unjustified dention [sic]" and "negligence" by Defendants. (Compl. at 2). He further alleges that Defendants subjected him to "false imprisonment" by admitting affidavits of evidence and testimony of witnesses before a court of law. (Id. at 3). Plaintiff also alleges that Defendants are liable for various California unnamed employees committing perjury and corrupt acts. (Id. at 4-5, 7). Finally, Plaintiff alleges that the State of California issued a warrant that resulted in an unreasonable search and seizure. (Id. at 6). Plaintiff seeks $24 million in damages and "interest at the maximum rate." (Id. at 8-9).

# III.

# DISCUSSION

**A. The Complaint Fails To State A Claim Against Either Defendant**

In order to state a claim, the complaint need not contain detailed factual allegations, but it must, at a minimum, plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Here, other than naming the State of California and Judge Fox as Defendants, the Complaint does not allege sufficient facts that tie either Defendant to any of the four alleged claims. (Compl. 2-7). As a result, Plaintiff fails to state a claim against either the State of California or Judge Fox, and Plaintiff's claims against the State of California and Judge Fox must be dismissed, with leave to amend.

**B.  The State of California Is An Improper Defendant**

The Eleventh Amendment bars actions in federal court for money damages against a state or one of its agencies or departments. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 8, 100 (1984); see also Pittman v. Oregon Employment Dep't, 509 F.3d 1065, 1071 (9th Cir. 2007) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.") (citation omitted). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity.'" Dittman v. California, 191 F.3d

4

1020, 1025-26 (9th Cir. 1999) (quoting Kentucky v. Graham, 473 U.S. 159, 169 n.17 (1985)). Therefore, because the Eleventh Amendment precludes Plaintiff's claims for monetary damages against the State of California, the State of California is an improper defendant. Accordingly, the claims against the State of California must be dismissed.

**C.    Defendant Fox Is Entitled To Absolute Judicial Immunity**

"Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); see Pangelinan v. Wiseman, 370 F. App'x 818, 819 (9th Cir. 2010) ("The district court properly concluded that the judges were immune to the extent they were sued for claims arising from their decisions in [plaintiff's] lawsuits."). Indeed, under the doctrine of judicial immunity, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." Ashelman, 793 F.2d at 1075. Judicial immunity is an "immunity from suit, not just from ultimate assessment of damages," and applies "even when the judge is accused of acting maliciously and corruptly." Mireles v. Waco, 502 U.S. 9, 11 (citation omitted); see also In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (absolute judicial immunity applies even when it is alleged that "the action was driven by malicious or corrupt motives" or was "flawed by the commission of grave procedural errors") (citation omitted).

Here, the Complaint alleges that Judge Fox, in his capacity as a state court judge, is liable for false imprisonment, malicious prosecution, search and seizure, and other torts. Accordingly, because the allegations relate to Judge Fox performing a judicial function, he is unquestionably entitled to absolute judicial immunity. Therefore, the claims against Judge Fox, as currently alleged, must be dismissed on immunity grounds.

**D.    The Complaint Violates Federal Rule Of Civil Procedure 8**

Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (citation and alteration omitted). Each claim must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). Rule 8 can be violated when "too much" or "too little" is said. Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013).

Here, the Complaint does not comply with Rule 8. Plaintiff does not <u>clearly and concisely</u> identify the nature of each of his legal claims, the <u>specific facts</u> giving rise to each claim, and the <u>specific conduct</u> of each Defendant or Defendants against whom each claim is brought. The Complaint is not a <u>short and plain statement</u> of Plaintiff's claims. Rather, it consists of rambling, repetitious and largely incoherent statements. Consequently, the Complaint fails to provide a simple, concise and direct statement of each violation alleged. Thus, the Complaint fails to provide

Defendants with fair notice of the claims in a short, clear and concise statement. See Twombly, 550 U.S. at 555. Accordingly, the Complaint is dismissed, with leave to amend.

The Court has addressed the obvious deficiencies of the Complaint. The Court notes that there may be additional deficiencies, i.e., it appears that some or all of the claims may be barred by the applicable statute of limitations or by the doctrines of res judicata or collateral estoppel. The Court advises Plaintiff that he should attempt to correct all noted deficiencies if he chooses to file a First Amended Complaint.

**IV.**

**CONCLUSION**

For the reasons stated above, the Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted **thirty (30) days** from the date of this Memorandum and Order within which to file a First Amended Complaint. In any amended complaint, the Plaintiff shall cure the defects described above. **Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint.** The First Amended Complaint, if any, shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to any previously filed complaint in this matter. **PLAINTIFF IS SPECIFICALLY ADVISED TO OMIT ANY CLAIMS THAT ARE BARRED BY A LACK OF JURISDICTION OR ON**

**IMMUNITY GROUNDS, unless an exception exists or those defects can be corrected.**

In any amended complaint, Plaintiff should confine his allegations to those operative facts supporting each of his claims. Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." **Plaintiff is strongly encouraged to utilize the standard civil rights complaint form when filing any amended complaint, <u>a copy of which is attached.</u>** In any amended complaint, Plaintiff should identify the nature of each separate legal claim and make clear what specific factual allegations support each of her separate claims. Plaintiff is strongly encouraged to keep his statements concise and to omit irrelevant details. **<u>It is not necessary for Plaintiff to cite case law, include legal argument, or attach exhibits at this stage of the litigation</u>. Plaintiff is also advised to omit any claims for which he lacks a sufficient factual basis.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint or failure to correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey court orders pursuant to Federal Rule of Civil Procedure 41(b). <u>Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss it by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure</u>**

**41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.**

DATED:  March 6, 2018

                                             /S/
                                      SUZANNE H. SEGAL
                                      UNITED STATES MAGISTRATE JUDGE

THIS ORDER IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS, OR ANY OTHER LEGAL DATABASE.